CLARK COON v. BETTIE BROWNING.

1. TITLE TO LANDS; *Priorities; Unrecorded Deeds; Purchaser for Value.* Under § 13 of the "act to regulate conveyances," approved February 1, 1859, priority over an unrecorded deed could be claimed only by a purchaser for a valuable consideration.

2. ————— *Assignment of Patent.* Where a deed is executed, and five days thereafter the patent is assigned, the deed transfers the title and the assignment passes nothing.

*Error from Osage District Court.*

ACTION by *Coon* to quiet his title to a quarter-section of land in Osage county. Both parties claimed title from and under the patentee of the land, H. P. Throop. The opinion contains a sufficient statement of the facts. The case was tried at the March Term 1871. The court below found that Mrs. *Browning* had the legal and equitable title to the land, and gave judgment in her favor. *Coon* brings the case here by petition in error.

*Ellis Lewis*, for plaintiff in error:

The conveyance from Throop to Coon and Browning show that they were made while ch. 41, page 354, Compiled Laws

1862, were in force, and of course, are governed by that act. Section 13 of said act is as follows:

"SEC. 13. No instrument affecting real estate *is of any validity* against subsequent purchasers for a valuable consideration without notice, unless recorded in the office of the register of deeds of the county in which the land lies, or in such other office as is or may be provided by law."

The only rational construction of the above section is, that the subsequent purchaser, at the time he receives his deed, must have had either actual or constructive notice of the conveyance to the prior purchaser to invalidate his (the subsequent purchaser's) deed; and that if he had no such notice, the deed of the prior purchaser amounts to nothing, and is the same as if it had never been made. After both deeds are made the law does not contemplate a race for registry between the first and second purchasers: 2 Kas., 236; 8 Mo., 479; 25 Ind., 272. We can find no authority for the position, under a statute like that of 1859, that where the prior purchaser has neglected to place his deed on record until a second conveyance has been made for a valuable consideration to a purchaser without notice, the placing of his deed on record before the second purchaser does his, deprives the second purchaser of his title.

*Martin Burns & Case,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action in the district court to quiet title. The case is before us on the pleadings, findings, and judgment. None of the testimony is preserved. Those findings are, 1st, a patent to H. P. Throop; 2d, "that on the 24th of November 1860 the said Throop duly conveyed the said described land, by deed duly executed and delivered, to the said plaintiff;" 3d, record of said deed on March 5th 1861; 4th, that on the 29th of November 1860 the said Throop for valuable consideration duly assigned said patent to said Clark Coon, the plaintiff; 5th, that on the 8th of November 1860

the said Throop for valuable consideration duly executed and delivered a deed for the land in controversy to Bettie Browning, the defendant in this action; 6th, record of said deed January 28, 1861; 7th, that at the time said plaintiff received his said deed from said Throop he was an innocent purchaser of said land, and had no notice either actual or constructive of the previous conveyance to said defendant; 8th, constructive notice to plaintiff, at the date of the record of his deed, of the prior deed; 9th, no notice actual or constructive to defendant at time of record of her deed of plaintiff's deeds. Judgment on these findings was entered for the defendant, and of this plaintiff complains. Defendant, holding the prior deed, would, but for the registry acts, have the better title. Of this there can be no question, because at the time of conveyance to plaintiff, Throop, the patentee, held no title, for he had previously conveyed to defendant. But plaintiff claims priority by virtue of § 13, ch. 30, Laws 1859, p. 290, (Comp. Laws 1862, p. 355,) which is as follows: "No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration without notice, unless recorded," etc.* The deed to defendant was not recorded until after the execution of the deed to plaintiff, but still we do not see how this section helps the plaintiff. It is only "*subsequent purchasers*, for a *valuable consideration*," who can claim any advantage of it. Plaintiff was not a purchaser for a valuable consideration. (See finding No. 2.) True, the fourth finding shows that five days after obtaining his deed

---

[*THIS section is quoted in full in counsel's brief, *ante*, p. 86. Said §13 remained in force until October 31, 1868, when it was repealed (§ 2, ch. 119, Gen. Stat., p. 1127,) and was superseded by the rule prescribed by §21, ch. 22, Gen. Stat., p. 187. This last provision, (relating to "conveyances of real estate,") is as follows:

"SEC. 21. No such instrument in writing shall be valid except between the parties thereto, and such as have actual notice thereof, *until the same shall be deposited with the register of deeds for record.*"

It would seem that this section establishes a very different rule from that prescribed by §13 of the former law, (quoted above in the opinion of the court.) Such newer rule would seem to be, that, as between two or more claimants, where all are alike innocent purchasers, the purchaser whose deed is *first left for record* will have the prior title, without regard to the question whether his deed bear the older, an intermediate, or the latest date. It will be noticed also, that the present law, (said §21, above quoted,) *omits* the words "subsequent purchasers for a valuable consideration"—a material part of the former law, and material to the decision of this case of *Coon v. Browning.*— REPORTER.]

the patent was for a valuable consideration assigned to him. But the assignment of a patent after the execution of a deed passes nothing. The deed transfers the land. Buying up title papers is not purchasing the land. Without a deed the assignment of the patent would not operate to transfer the title, though it might be evidence of a contract by which a deed could be enforced. More than this: for anything in the findings to the contrary, at the time he first paid value, that is, at the time he took the assignment of the patent, he may have had actual notice of defendant's deed. Finding No. 7 simply shows want of notice at the time of plaintiff's deed, five days before the assignment of the patent. We see no error in the judgment, and therefore it must be affirmed.

All the Justices concurring.