## WILLIAM C. SMITH *vs.* FRANK H. KENNEY.

Franklin.    September 24, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Equity Pleading and Practice,* Master's report. *Deed,* Validity. *Undue Influence.*

A judge who hears a suit in equity upon a master's report has a right to draw inferences warranted by the facts reported by the master, although such inferences are contrary to an inference reported as a finding by the master.

In a suit in equity, brought in behalf of an aged man by the conservator of his property, to set aside a conveyance of real estate made by the plaintiff through a third person to his wife who conveyed such real estate to her nephew the defendant, the case was referred to a master who filed a report to which no exception was taken. The master found facts from which it could be inferred that in signing the deed in question the plaintiff's weak will was so dominated by his wife and by the defendant that the execution of the deed was in reality their act and not his. In regard to the plaintiff's wife and the defendant the master made the following statement: "I do not find that undue influence was exercised by them or either of them, unless under all of the circumstances surrounding the making of the conveyances . . . the court finds the procedure was an exercise of undue influence as a matter of law." The trial judge, who heard the case on the master's report, made a decree confirming the report and ordered the defendant to convey the property to the plaintiff. *Held,* that the question of undue influence was one of fact, on which the master appeared to have made no decision, or, if his language could be construed as a finding that the defendant did not exercise undue influence upon the plaintiff, such a finding was made only by an inference from the facts set out in his report, and that the trial judge had the right to draw such different inferences from the facts reported by the master as those facts reasonably warranted, so that this court could not say that the judge was wrong in reaching the conclusion on which he based his decree.

DeCOURCY, J. This bill in equity is brought in behalf of the plaintiff by his conservator, to set aside a conveyance of real estate made by the plaintiff through a third person to his wife who conveyed such real estate to the defendant. The action was

referred to a master * and subsequently was heard by a judge of the Superior Court,† who made a decree confirming the master's report and ordering the defendant to convey the property to the plaintiff. The case is before us on the defendant's appeal from this decree.

No exception was taken to the master's report, and it establishes the following facts. William C. Smith, in 1908, was in his eighty-eighth year, and until within a few years had successfully performed all the work of his farm, which contained thirty-five acres aside from a wood lot. Within recent years the impairment of his physical powers prevented him from obtaining from his farm sufficient produce for the support of his household, which comprised himself and Sophia C. Smith, a second wife whom he married when in his seventy-first year; and his adopted son, resident in Hawaii, had furnished toward that support about $150 annually for the past four or five years.

The defendant Frank H. Kenney was a nephew of Mrs. Smith. At her urgent solicitation he was engaged, in April, 1908, to conduct the farm. He received the use of a cottage on the farm for himself and his daughter, and whatever farm produce and groceries they needed, but no specific agreement was made as to compensation for his services. For two years he was working foreman, and with Mrs. Smith assumed the management of the farm and the disposal of its products. "They consulted Mr. Smith occasionally, but he was not a considerable factor in matters pertaining to the management of the farm."

In the spring of 1910, the defendant went to a distant town to consult a lawyer concerning the collection of money for his services, and on April 13, this attorney appeared at the plaintiff's house, bringing with him some blank forms of deeds. Here he had a conference with Mrs. Smith and the defendant, after which Mr. Smith was summoned into the room. The lawyer demanded an immediate settlement for the services of Kenney, and threatened a law suit. Among other things the defendant stated that if the plaintiff would satisfy "Aunt Sophia" in the matter of the conveyance of real estate to her he would be satisfied and would press his claim no further. Before the parties separated the plaintiff

---

* Clifton L. Field, Esquire.                    † *Fessenden*, J.

William C. Smith had conveyed by warranty deed his residence, barns and the larger part of his farm, worth from six to seven thousand dollars, reserving only a life interest therein, to one Phelps, a half-brother of the defendant; and on the same day Phelps conveyed his interest to Mrs. Smith. On October 3, 1910, Mrs. Smith conveyed the premises to the defendant, reserving a life estate. No money consideration passed for any of these deeds. With reference to the transactions of April 13, the master reports: "I find that while the complainant was not of unsound mind, yet he was not of sufficiently strong mental capacity to appreciate and understand the provisions of a deed, and that he did not understand them in this instance but thought that he was conveying to his wife a half interest in his farm instead of what he actually did convey; that counsel then present was employed by Mr. Kenney; that no one present had any concern for Mr. Smith's interests, and that he was not informed of nor did he appreciate his situation in this regard; that both the respondent and Mrs. Smith regarded the complainant incapable of doing business, and acted upon this hypothesis in the management of the farm." When we add to these facts the description of William C. Smith as he formerly was, a man "industrious and thrifty, promptly meeting every financial obligation . . . a man of strong notions of individual rights and duties," it is apparent that at the time of the conveyance by him he was mentally and physically the wreck of a strong character and an easy victim of coercion and fraud.

It is not clear what the master intended by the following paragraph in his report: ". . . while there was a good understanding between the respondent and Sophia C. Smith, and while the latter desired and expected to bestow her property including any interest she had in her husband's real estate upon the respondent, I do not find that undue influence was exercised by them or either of them, unless under all of the circumstances surrounding the making of the conveyances of April 13, A. D. 1910, the court finds the procedure was an exercise of undue influence as a matter of law." The existence of undue influence is a question of fact, *Bassity* v. *Welch*, 212 Mass. 338, and the master apparently does not come to any decision thereon. If his language is to be construed as a finding that the defendant did not exercise undue influence upon the plaintiff, evidently it is only by way of infer-

ence from the facts set out in the report, and not an independent finding on other evidence. The trial judge had the right to draw such further or different inferences from the facts reported by the master, as those facts reasonably warranted. He well may have inferred that in signing the deed the plaintiff's weak will was so dominated by the defendant and by Mrs. Smith, whose relation imposed upon her the duty of protecting his interests, that the execution of the deed was in reality their act and not his. And in reaching the conclusion upon which he based the decree from the facts reported and the inferences he made therefrom, we cannot say that he was wrong. *French* v. *Hall*, 198 Mass. 147. *Rosenberg* v. *Schraer*, 200 Mass. 218. *Hawkes* v. *Lackey*, 207 Mass. 424.

*Decree affirmed with costs.*

The case was submitted on briefs.

*A. D. Flower, W. H. Brooks & W. Hamilton,* for the defendant.

*F. J. Lawler,* for the plaintiff.