## OWEN v. UNITED STATES SURETY CO.

No. 3761½. Opinion Filed February 4, 1913.

Rehearing Denied May 6, 1913.

(131 Pac. 1091.)

1. PLEADING—Proof of Execution—Necessity. Where an action is founded on a written instrument, and the petition sets forth the same in full, an answer not verified does not put in issue the execution of such written instrument, and there is no necessity for proving the same on trial.

2. INSURANCE—Validity—Breach. A misrepresentation renders the policy void on the ground of fraud, whilst noncompliance with a warranty operates as an express breach of the contract.

3.    FRAUD—Procurement of !Contract—Quantum of Proof.  In this
      jurisdiction, where fraud is alleged in the procuring of a written
      instrument, the proof must sustain the allegations by a pre-
      ponderance of the evidence so great as to overcome all opposing
      evidence and repel all opposing presumptions of good faith.

4.    INSURANCE—Fraud in Procurement—Burden of Proof.  Under
      section 3784, Comp. Laws 1909 (Rev. Laws 1910, sec. 6685), the
      burden of proof to establish the materiality of a misrepresen-
      tation or concealment, as well as the fraudulent intent of the
      insured, is upon the insurance company, and the burden is not
      shifted where it is shown that the insured made an untrue an-
      swer concerning other insurance, for if there be a presumption
      that his failure to mention it was intentional, this is met by
      the presumption that a man does not make a fraudulent mis-
      statement, and the question is therefore for the jury, upon all
      the evidence.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County*
*Geo. W. Clark, Judge.*

Action by Lula Owen against the United States Surety
Company, a corporation.  Judgment for defendant, and plain-
tiff brings error.  Reversed and remanded for new trial.

*F. E. Riddle,* for plaintiff in error.
*Shartel, Keaton & Wells,* for defendant in error.

KANE, J.  In the trial court it was agreed by counsel
that the issues in the above-entitled cause were practically the
same as in *Continental Casualty Co. v. Owen, ante,* 131 Pac.
1084.  In this court the action of the trial court in directing
a verdict in favor of the defendant raises a few additional
questions of law, which were not involved in the case of *Con-
tinental Casualty Co. v. Owen, supra,* and it will be such ques-
tions only that will be noticed herein.  The additional con-
tentions may be stated as follows:  (1) As the original policy
of insurance was only attached to plaintiff's petition as an
exhibit, the court could not consider the provisions contained in
the schedule of warranties thereof, unless said policy had been
introduced in evidence, and, as this was not done for the
purpose of showing the provisions of the schedule of war-

ranties, the court should not have considered such warranties and taken the case from the jury upon the ground that the evidence showed a breach thereof. (2) The defendant's evidence did not show that Edward G. Owen had other accident insurance at the time of the execution and delivery of the policy sued on herein, and therefore there was a failure to show a breach of clause 10 of the schedule of warranties indorsed on the policy sued on to the effect that the insured had no accident insurance and no health insurance, except $5,000 accident in the Continental Casualty Company.

The first contention is not well taken. The original policy was attached to plaintiff's petition, marked Exhibit A. Defendant's answer admitted the execution and delivery of the policy, and alleged that it was not liable to plaintiff in any sum thereon, for the reason that the insured made certain false representations of material facts to defendant for the purpose of procuring the issuance of said policy. The answer was not verified, and plaintiff filed an unverified reply, wherein she denied that insured made any false or fraudulent representations in regard to the amount of his insurance or of any application for insurance or as to the condition of his health, but did not deny the written statements set up in defendant's answer, which it was alleged were contained in the policy itself. Section 5648, Comp. Laws 1909 (Rev. Laws 1910, sec. 4759), provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

In *Mo. River, Ft. Scott & G. R. Co. v. Wilson,* 10 Kan. 87 (star page 105), it was held:

"Where an action is founded on a written instrument, and the petition sets forth the same in full, an answer not verified does not put in issue the execution of such written

instrument, and there is no necessity for proving the same on the trial."

Other Kansas cases to the same effect are *Reed v. Arnold,* 10 Kan. 85 (star page 102); *Walker v. Fleming,* 37 Kan. 171, 14 Pac. 470; *Board of Education v. Shaw,* 15 Kan. 35 (star page 33). There are several Oklahoma cases which follow the decisions of Kansas, from which state we borrowed the statute; the latest ones, where all the authorities are cited, being *Long v. Shepherd,* 35 Okla. 489, 130 Pac. 131, and *Tate v. Stone,* 35 Okla. 369, 130 Pac. 296.

The second contention must be sustained. The evidence offered tending to show a breach of the warranties was as follows:

"Judge Keaton: Before we read any more depositions, I believe we will offer this other insurance policy. We now offer in evidence, just for the purpose of showing the date of issuance and the amount and kind of policy, the Maryland Casualty Company of Baltimore, Md., accident policy, in the principal sum of $5,000 in the event of death caused by accidental injuries, issued October 10, 1910; issued to Edward G. Owen. Mr. Riddle: Plaintiff objects to it as incompetent, irrelevant, and immaterial to the issues in this case. By the Court: Overruled. Mr. Riddle: Exceptions. By the Court: There is no question raised as to the fact of the policy having been issued? Mr. Riddle: No, sir; no question about that."

As held in *Continental Casualty Co. v. Owen, supra,* the materiality of representations made by the insured in his application for insurance is a question for the jury. In *Pelican v. Mutual Life Ins. Co.,* 44 Mont. 277, 119 Pac. 778, it was held:

"Where insured represented that he had not suffered a surgical operation prior to making his application, and there was no controversy in the evidence that he had sustained an aspiration of his chest prior to that time, the court should have instructed, as a matter of law, that such treatment was a surgical operation and left it to the jury to determine insured's good faith."

Moreover, the evidence was not such that all reasonable men would say that the insured had no accident insurance and no health insurance except that stated in clause 10. A misrepresentation renders the policy void on the ground of fraud, whilst noncompliance with a warranty operates as an express breach of the contract.

In this jurisdiction, where fraud is alleged in the procuring of a written instrument, the proof must sustain the allegations by a preponderance of evidence so great as to overcome all opposing evidence and repel all opposing presumptions of good faith. *Moore v. Adams et al.,* 26 Okla. 48, 108 Pac. 392.

The policy sued upon was dated October 18, 1910, or eight days subsequent to the policy in the Maryland Casualty Company referred to in the agreement of counsel. Even if we accord to the word "issued" the broad meaning contended, we would not be justified in saying that the evidence conclusively shows that the insured had insurance other than that set out in his statement at the time the policy sued on was issued. Discussing a similar proposition in *Penn Mutual Life Ins. Co. v. Mechanics' Savings Bank & Trust Co.,* 72 Fed. 413, 19 C. C. A. 286, 38 L. R. A. 33, 70, Judge Taft says:

"It is urged for the defendant, however, that, because it was admitted that Schardt made an untrue answer concerning his other insurance, the presumption was that his failure to mention it was intentional, and that the court should have so instructed the jury. Had the defendant requested such a charge, the question would then have been presented for decision. But, instead of requesting such an instruction, defendant framed a single charge, which instructed the jury that they should presume, not only that the failure to mention the fact was intentional, but also that it was material. This was erroneous, and the court rightly refused to give it. But we do not think that the defendant was entitled to the instruction that the admission that Schardt had a policy in the New York Life Insurance Company, and failed to mention it, raised the presumption that his omission was intentional, or, what is the same thing, that it was fraudulent. There is a natural, and perhaps a legal, presumption of the

continuance. of a state of knowledge as to the state of sanity or marriage, and, it being admitted Schardt once knew that he had taken this policy for $5,000, that he continued to know it, and so remembered that he had the policy when he answered the question as to other insurance. But the presumption is not conclusive. Men do forget entirely a fact previously known to them, and they do forget it temporarily, so that they may make an untrue statement inadvertently. about it, though recently known to them. The possibility or probability of their doing so depends on the character of the fact in question, and all the circumstances under which the misstatement concerning it is made. There is also a presumption that a man does not make a fraudulent misstatement, but men frequently do, nevertheless, make such statements; and the question whether the presumption is overcome depends on the evidential weight to be given to all the circumstances, including possible motive, together with the positive evidence of witnesses. The two presumptions in this case covered the same ground and were conflicting. Neither was conclusive, and it was for the jury to determine from all the circumstances what the truth was. It would seem proper that an instruction referring to one of these presumptions should also refer to the other, and should point out the duty of the jury to weigh the facts and circumstances in the light of both."

The statement attributed to the insured, which it is alleged was false, was made eight or ten days subsequent to the issuance of the policy by the Maryland Casualty Company. To merely show the issuance of that policy does not to our mind sustain the charge of fraud by such a preponderance of the evidence as to overcome all opposing evidence and repel the opposing evidence of good faith on the part of the assured.

The judgment of the court below is accordingly reversed, and the cause remanded for a new trial.

All the Justices concur.