## GREAT FALLS MANUFACTURING COMPANY *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Suffolk.　March 10, 1913. — May 21, 1913.

Present: RUGG, C. J., HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence*, Railroad, In transportation of inflammable goods. *Railroad. Carrier*, Of goods.

In an action against a railroad corporation for loss by fire of bales of cotton in a sealed freight car in the hands of the defendant as a carrier, where the bill of lading exempted the defendant from liability other than for negligence, there was evidence that the cotton was not subject to spontaneous combustion at ordinary temperatures but was readily inflammable, so that a spark would cause it to ignite, that the sealed car containing the cotton was examined by the defendant's inspectors who discovered no trace of fire, that after such inspection the car continued to stand for more than a day in a yard of the defendant where trains were made up and locomotive engines constantly were coming and going, that at the edge of the door of the car there was an open crack or space about two inches wide, which the defendant's inspectors must have seen, that, at the end of the time named, smoke was seen coming out of this open space and the fire occurred. A witness, called by the defendant, testified that, while examining the car after discovering the fire, he had in mind that a spark might have got into the car through some crack or hole, because he often had seen cars set on fire from sparks, and that this was not the first time, that it was "an everyday occurrence." There also was evidence that other employees of the defendant had been working about the car with oil lamps, and none of these employees were called as witnesses. The defendant's evidence tended to show that fire might have been smouldering in the cotton for a long time, even for weeks, before it broke out and became noticeable. *Held*, that a finding was warranted that the fire was due to the negligence of the defendant.

CONTRACT OR TORT, for the value of fifty bales of cotton belonging to the plaintiff, which were alleged to have been received

by the defendant as a carrier and not to have been delivered. Writ dated February 23, 1910.

In the Superior Court the case was tried before *Lawton*, J., without a jury. It appeared that by the terms of the bill of lading the carrier was not to be liable for damages to or destruction of the cotton by fire. It was conceded by the defendant that this provision did not exempt it from liability for damage caused by its negligence, but it contended that the burden of proving such negligence was on the plaintiff and that there was no evidence which would justify a finding of negligence. The facts which could have been found upon the evidence are stated in the opinion. The judge refused to make the rulings asked for by the defendant which are stated in the opinion, made the findings that are stated in the opinion, and found generally for the plaintiff in the sum of $3,136.

The defendant alleged exceptions.

*G. L. Mayberry,* for the defendant.

*H. E. Warner,* for the plaintiff.

SHELDON, J. This case comes before us upon the defendant's exceptions to the refusal of the judge at the trial to rule that the evidence would not warrant a finding for the plaintiff or a finding that the fire which damaged the cotton was occasioned by the defendant's negligence. The question is close; but we are of opinion that the evidence warranted the findings which were made that the fire was not due to spontaneous combustion, that it occurred while the car was in the defendant's control, and that it was due to the defendant's negligence.

We assume the correctness of the defendant's contention that the burden was upon the plaintiff; and the judge so ruled. But there was evidence that the defendant received the cotton on March 25, in a sealed car. Apparently there was then nothing to indicate the presence of any fire in it. There was evidence that cotton in bales, as this was, though readily inflammable, so that a spark would cause it to flame, is not subject to spontaneous combustion at ordinary temperatures. The car was examined by the defendant's inspectors, and it does not appear that any trace of fire was discovered by them. Shortly before nine o'clock in the evening of the next day smoke was discovered issuing from the car, and it was found that the cotton was on fire. In the mean-

time the car had stood in the defendant's yard at Buffalo, where trains were made up, and locomotive engines were constantly coming and going. A witness called by the defendant testified on cross-examination that there was an open space about two inches wide between the door of the car and the post, which the defendant could be found to have known, and that it was out of this open space that the smoke was seen coming. The judge was not bound to accept the modification of this statement made by the witness on re-examination. The same witness testified that while examining the car after discovering the fire he had in mind that a spark might have got into the car through some crack or hole, because, as he said, "I often see cars going afire from sparks; this is not the first time; we have that an everyday occurrence." It could be found that the defendant put the car, with this open space in it, through which sparks from a passing engine easily could penetrate into a highly inflammable substance, into a position where it was peculiarly exposed to such a danger, and did nothing to protect it from the risk thus incurred, although knowing that fires so caused were "an everyday occurrence." Moreover, there was evidence that other employees of the defendant had been working about this car, with lighted oil lamps, none of whom were called to testify. We cannot say that the judge had not the right to find that the fire was due to negligence of the defendant.

The defendant's evidence tending to show that fire might have been smouldering in the cotton for a long time, even for weeks, before it broke out and became noticeable, was not conclusive. It was only something to be weighed by the judge.

The rulings asked for, to the refusal of which exception was taken, were rightly refused.

*Exceptions overruled.*