## NATIONAL UNION v. KELLEY.

No. 3200.   Opinion Filed May 12, 1914.

(140 Pac. 1157.)

1.  **INSURANCE—Life Policy—Breach of Warranty.** A breach of warranty that insured has not had medical advice during the last five years will render void a contract of life insurance conditioned thereon.

2.  **SAME—Burden of Proof.** The burden of proof is on the insurer to show untrue the insured's warranty that he has not had medical advice during the last five years.

3.  **SAME — Warranty — Breach — Determination—Question of Fact.** The question as to whether a statement of the insured, warranted to be true, is untrue is ordinarily one for the jury, or, where a jury is waived, for the judge as the trier of the facts.

4.  **EVIDENCE—Credit—Manner of Testifying.** The manner in which a witness testifies may tend to discredit him.

5.  **INSURANCE—Conclusiveness of Testimony.** The jury, or judge where a jury is waived, is not bound to find a fact untrue which an insured has stated and warranted to be true, where, in order to do so, he must believe the indefinite testimony of a witness who is obviously deficient in memory in respect to the matter about which he testifies, whose answers were frequently not responsive to the questions, and whose testimony is inconsistent with or in any manner contradicted by other evidence.

(Syllabus by Thacker, C.)

*Error from County Court, Pottawatomie County;*
*Ross F. Lockridge, Judge.*

Action by Onie M. Kelley, beneficiary, against the National Union, a life insurance corporation, on a policy. Judgment for plaintiff, and defendant brings error. Affirmed.

*Gilbert & Bond* (*Geo. P. Kirby*, of counsel), for plaintiff in error.

*S. P. Freeling, E. E. Hood,* and *I. C. Saunders,* for defendant in error.

Opinion by THACKER, C.   Plaintiff in error will be designated as defendant and defendant in error as plaintiff, in accord with their respective titles in the trial court.

Plaintiff, as beneficiary, sued and recovered judgment for $1,000 against defendant, a fraternal, mutual, beneficial, insurance association, upon a policy of insurance, or benefit certificate, issued May 26, 1910, in compliance with the application and upon the life of plaintiff's husband, Alvis M. Kelley, who died November 28, 1910, a member of defendant's McLoud Council No. 41.

The said benefit certificate recites:

"This certificate is granted upon the express condition that all statements and recommendations made by said member in his application for membership in said council and all statements to the medical examiner by him are true.   *   *   *   The application of the member, a copy of which is hereto attached, and hereby made a part of this certificate.   This certificate, the articles of incorporation of the National Union, the laws now in force or hereafter enacted, and the said application for membership shall constitute the contract between the said National Union and the said member.   *   *   *   If these conditions are faithfully complied with, the National Union hereby promises and agrees to pay out of its benefit fund to Onie M. Kelley, wife, $1,000.00, pursuant to the provisions of the laws of the order upon proof of death of said Alvis M. Kelley, and upon surrender of this certificate."

The application mentioned in said certificate contains, among other things, the following:

"I hereby consent and agree that any untrue statements made above, or to the medical examiner, or any concealment of facts

by me in this application, in regard to my health, habits, or circumstances, personal or family history, or my suspension or expulsion from or voluntary severing of my connection with the order, shall forfeit the right of myself and my family or beneficiary, to all benefits and privileges therein.   *   *   *

"Medical Examiner's Blank.

"13.   A.   For what have you had medical advice during the last five years?   A. No.   B. Dates?   B. ——.   C. Duration?   C. ——.   D. Name and address of physician or physicians consulted?   D. ——.

"14.   Have you named everything for which you have had medical advice during the last five years?   Answer yes or no.   Yes.   *   *   *

"16.   Have you ever had any of the following disorders or diseases?   *   *   *   Cancer or any tumor?   No.   *   *   *

"I hereby warrant that the answers to the above questions are true.   *   *   *"

The defendant's own medical examiner, Dr. M. C. Hill, made personal examination of the insured at the time of the latter's application, and, in answer to the 25 questions he was required to answer by defendant's printed form of application used, this examiner certified to facts indicating the insured to be in fit physical condition, including as one of his answers the fact that this examiner believed the insured's foregoing answers to be true.

The defendant's answer alleged that each and all of the foregoing answers of Alvis M. Kelley in said medical examination were not true, in that he had had medical advice during the last five years preceding the date of his application, in that he had not named everything for which he had had medical advice during the last five years preceding the date of his application, and in that he was afflicted with cancer at the time he made said application, and at said time knew and had been advised by his physician that he was so afflicted.   The said answer further alleges that the said answers of the said Alvis M. Kelley were warranties on his part.

There is no allegation of fraud upon the part of the said Alvis M. Kelley, nor on the part of the plaintiff, and the defendant rests its defense entirely upon the proposition that said an-

swers were warranties, and not mere representations, and were untrue.

We think it clear that these answers were warranties, and, if untrue, the policy is void. *Eminent Household of Columbian Woodmen v. Prater,* 24 Okla. 214, 103 Pac. 558, 23 L. R. A. (N. S.) 917, 20 Ann. Cas. 287.

The journal entry of judgment recites, among others, the following findings by the court:

" * * * And that all of the statements made to the said physician by the said Alvis M. Kelley at said time, he, the said Alvis M. Kelley, believed to be true. * * * That all of the statements contained in the application of the said Alvis M. Kelley, deceased, at the time that he made application for said insurance, and that all of the statements made by the said Alvis M. Kelley to the examining physician, and that all of the statements contained in or made a part of the insurance policy made by the said Alvis M. Kelley, were made by him, believing that the same were true at the time they were made, and that, if any of said statements so made by the said Alvis M. Kelley were not true in fact, he had no knowledge of their falsity, and were made by him in good faith, believing that all of said statements were true."

. These findings, in effect, admit that some one or more of the statements made by the insured may have been untrue; but they do not specify which ones may have been so, nor affirmatively find any untrue.

The plaintiff having made out a *prima facie* case as to every material allegation upon which she must rely for recovery, the burden of proof was upon defendant to show breach of warranty, and, in doing so, to prove that one or more of the said answers of the insured were untrue. 2 Briefs on Law of Insurance (Cooley) 1181; 3 *Id.* 1964-1971; 3 Joyce on Ins. sec. 1977; 11 Am. Dig. (Dec. Ed.) 646 (1); *Owen v. U. S. Surety Co.,* 38 Okla. 123, 131 Pac. 1091; *Continental Casualty Co. v. Owen,* 38 Okla. 107, 131 Pac. 1084; *Rupert v. Sup. Ct. U. O. F.,* 94 Minn. 293, 102 N. W. 715.

The only remaining question in the case is as to whether the court, under all the evidence, was legally bound to have found that one or more of the said answers were untrue; and this

brings us to a review of the authorities and of the evidence in this regard.

The general principle that the question as to a breach of warranty is one for the jury (or judge where jury is waived) is stated in *Boos v. World Mutual Life Ins. Co.*, 64 N. Y. 236, and *Provident Savings Life Assurance Society v. Hadley*, 102 Fed. 856, 43 C. C. A. 25, affirming (C. C.) 90 Fed. 390; and it appears to be well settled that the question as to the falsity of the statement and the intent of the applicant is for the jury (or judge when a jury is waived). 3 Briefs on the Law of Insurance (Cooley) 1978, 1979.

The case of *Moore v. First National Bank of Iowa City*, 30 Okla. 623, 121 Pac. 626, in effect, shows that, while the trier of a question of fact may not arbitrarily disregard the testimony of a witness which is not inherently improbable nor contradicted or discredited by other evidence or circumstances, such trier is not obliged to believe a witness where, as a conscientious person seeking the truth, such trier finds the witness discredited by his bias, by his inconsistent and contradictory statements, or by the lack in any respect of probative value in his testimony, especially where his testimony is also contradicted by or inconsistent with evidence extraneous to his own, or by the circumstances of the case, notwithstanding the absence of any evidence which immediately, directly, and specifically contradicts him. *Beatty v. Beatty*, 151 Ky. 547, 152 S. W. 540; *Great Falls Mfg. Co. v. New York Cent. & H. R. Co.*, 214 Mass. 446, 101 N. E. 997; *Bassity v. Welch*, 212 Mass. 338, 99 N. E. 95; *Schumacher v. Kansas City Breweries Co.*, 247 Mo. 141, 152 S. W. 13; *Leavitt v. Thurston*, 38 Utah, 351, 113 Pac. 77; *Zart v. Singer Sewing Mach. Co.*, 162 Mich. 387, 127 N. W. 272; *Succession of King*, 124 La. 805, 50 South. 735.

That the manner in which a witness testifies may be a circumstance tending to discredit him, see the following additional cases: *Connelly v. Ill. Cent. Ry. Co.*, 133 Mo. App. 310, 113 S. W. 233; *Galveston, H. & S. A. R. Co. v. Murray* (Tex. Civ. App.) 99 S. W. 144. Also see *Wells v. Wells*, 39 Okla. 765, 136 Pac. 738.

The only evidence tending to prove that either of the foregoing warranted answers of the insured was untrue is the testimony of a witness produced by the defendant, who testified in effect that he was a physician; that he had known the insured ever since the latter came to McLoud; that the insured had come to witness on the street, in the drug store, and in his office, and had consulted witness about his condition; that he always prescribed for him at the office or drug store; that most of the medicines he prescribed "were just to take the malaria out of him"; that the insured stopped coming to him about in April, before the said application was made for insurance; that he detected that the insured had enlargement of the spleen and informed him of the fact about two years before his death, although he was not sure as to when it was; that the enlargement of the spleen, continued during witness' attention to him, was caused by malaria, which was common in that section of the country; that he attended upon the insured in his last sickness, which lasted about three weeks; that he certified to the insurance company that the insured died of cancer of the stomach and spleen (which certificate was under oath, and without qualification) as he had to specify something and thought that was the cause of death, but that he did not know that he had cancer, nor what caused his death; that he thought malaria had caused him to have cancer, and he had examined him for cancer; and that the insured had never been sick in bed, and he had never visited him at his home nor known of his quitting work until his last sickness, which terminated in his death about three weeks after it commenced. The testimony of this witness is somewhat unsatisfactory, in that it is not made clear as to what portion of the same relates to the condition of the insured before and what portion to his condition after his application, and is somewhat defective, in that there is manifest deficiency in memory of witness, especially in respect to dates and as to time in general, and in answer to one question by plaintiff's counsel he said that he had told counsel that he was in the dark and did not remember much about this case, in that his answers were frequently not responsive to the questions, and indicated want of

efficient attention to the same, and in that the witness' testimony is not definite and certain in respect to the character of advice sought and given, or character of complaint made by insured, prior to the time of the insured's application to the defendant, although it seems that his testimony as to the insured's complaint of. pain in his side and to consultations on account of bilious attacks must fairly, if not necessarily, be referred to that time. We do not mean to indicate, however, any opinion as to whether casual advice, without thought of compensation on account of slight indisposition, nor what else, will constitute "medical advice" within the meaning of the said questions answered by the insured.

The plaintiff testified in effect that she and the insured had been married about twenty-five years, and were living together at the time of his death; that they had lived in McLoud, where he died, about four years; that she did not think he would have had medical attention without her knowledge (to which statement there was no objection); and that until about three weeks before he died he had been in good health, had not consulted a physician, and had not had medical advice or attention, so far as she knew, during the four years they had lived in McLoud, except that after he was insured, and in June, 1910, the physician upon whose testimony defendant relies attended upon him and treated him for biliousness, and that until his last three weeks of sickness, which came on suddenly, he had worked steadily. Two other witnesses who knew the deceased during the time of his residence in McLoud testified substantially to the same effect as did plaintiff, and the report and testimony of defendant's medical examiner also tends to disprove the testimony of the physician testifying that the insured's answers were untrue.

It must be conceded that the record discloses very few, and not very strong, considerations which tend to warrant the trial court's declination to accept the testimony of defendant's said witness, together with the reasonable inferences which might have been deduced therefrom in favor of defendant, as establishing the untruthfulness of the insured's answers to the aforesaid questions to the effect that he had not had medical advice during the last five years preceding his application; but, in view of the pre-.

sumptions we are bound to indulge in favor of the truth of the answers of the insured, and of the correctness of the judgment rendered by the trial court, and upon a consideration of the whole case, we are of opinion that we should not say that the trial court was unwarranted in not finding an untruth and consequent breach of warranty in said answers, and we are therefore of the opinion that the judgment of that court should be affirmed.

By the Court: It is so ordered.