## MUTUAL LIFE INS. CO. v. JOHNSON.

No. 7698—Opinion Filed July 31, 1917.

(166 Pac. 1074.)

(Syllabus by the Court.)

**1. Insurance — Life Policies — Actions—Instruction.**

Instructions given in an action to recover on a life insurance policy examined. and held to clearly and fully submit to the jury the issue of alleged material misrepresentations in the application for the policy.

**2. Trial — Instructions — Definitions — Intoxicated."**

The word "intoxicated" as used in an application for a life insurance policy is to be understood in its ordinary and popular sense, and it is unnecessary that it be defined in the instructions to the jury.

**3. Insurance — Life Policies — Actions—Instruction.**

An instruction given and one refused, defining "intoxicated," examined, and held not prejudicial error in this case.

**4. Appeal and Error—Insurance—Life Insurance — Actions—Evidence — Harmless Error.**

In an action to recover on a life insurance policy, evidence tending to prove that insured was intoxicated at the time of his death held inadmissible for the purpose of showing that insured had falsely represented in his application that he had not been intoxicated during five years prior thereto. Held, further, that if such evidence was admissible to show the materiality of the representation, error in rejecting same was rendered harmless when the court peremptorily instructed the jury that such representation was material.

**5. Insurance — Life Insurance — Actions — Evidence.**

Evidence tending to prove that insured had made false representations in his application with respect to the kind and quantity of intoxicating liquors used by him and whether he had been intoxicated examined, and held not sufficient to authorize this court to set aside the verdict of the jury thereon.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Willie Z. Johnson against the Mutual Life Insurance Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Stephen C. Treadwell, for plaintiff in error.
Mounts & Davis and W. C. Stevens, for defendant in error.

MILEY, J. This proceeding brings up for review a judgment for defendant in error, plaintiff below, upon the verdict of the jury, and an order overruling motion for a new trial, in an action upon a policy of insurance issued upon the life of Sam W. Johnson, the husband of plaintiff, who was the beneficiary named in the policy.

The application for the policy, dated April 22, 1913, contained the following questions and answers, the answers being italicized:

13 (a) "Do you use wines, spirits or malt liquors? *Occasionally take drink.*"

(b) "If so, what kind have you used during the past year? How much in any one day at most? *Whisky, three or four ounces.*"

(c) "What has been your daily average in the past? *Do not use daily.*"

(d) "Have you been intoxicated during the past five years? *No."* .

The policy provided that:

"All statements made [in the application] shall, in the absence of fraud be deemed representations and not warranties."

The plaintiff in error, defendant below, pleaded the questions and answers above quoted, and alleged that the representations threby made were untrue, in that:

"The said Sam W. Johnson frequently drank wines, spirits, or malt liquors in excess of the amount stated by him in said representation, and within five years next preceding the date of said application he frequently had been intoxicated."

It was also alleged that the representations were material, in that the policy would not have been issued had the questions been truthfully answered, and that the habits misrepresented directly contributed to the death of the insured. In reply, the plaintiff denied these allegations.

Complaint is made of the instructions to the jury, in that the same did not clearly and fully present the issue of the truthfulness of the answers to questions 13 (b) and 13 (d). It is contended by plaintiff in error that there was evidence that the insured drank beer, and that by his answer to question 13 (b) he in effect represented that he did not, but only whisky. When considered in connection with the answer to the preceding question, we doubt if the answer should be construed as a material representation that he had not drunk beer during the year previous to the date of the application. Phoenix Life Ins. Co. v. Raddin, 120 U. S. 183, 7 Sup. Ct. 500, 30 L. Ed. 644; O'Connor v. Modern Woodmen of America, 110 Minn. 18, 124 N. W. 454, 25 L. R. A. (N. S.) 1244. Assuming, however, that the answer was a material representation that the insured did

not drink beer within the period mentioned, we think the issue of the truthfulness of the statement was fairly submitted to the jury, in the following instruction given at the request of plaintiff in error:

"If you find from the evidence that the said Sam W. Johnson drank wines, spirits, or malt liquors in excess of the amount stated by him in his said representations in his application, and within the one year next preceding the date of his application, you will return a verdict for defendant."

In view of this instruction, we do not believe the jury was misled by the omission to refer more specifically to the answer to this question in instruction No. 2.

"It is a familiar rule of law that it is not essential that a single instruction should embody the entire law of the case, and the omission to state the entire law in one instruction is not error, if the omission is reasonably supplied elsewhere in the instructions, so that the charge, as a whole, fully and fairly applies the law relevant to the issues and proof; that, though some of the instructions may be incomplete, yet if they are not in conflict with others therein, and harmonize therewith, such additional paragraphs supplementing what was lacking in the other, and together stating the correct rule of law, the same will not operate as reversible error." C.; R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146; Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1166; M., O. & G. R. Co. v. Collins, 47 Okla. 761, 150 Pac. 142.

The contention that the issue of the truthfulness of the answer to question 13 (d) was not clearly and fully submitted to the jury is wholly without merit. In instruction No. 2 the jury was instructed to find a verdict for plaintiff unless, inter alia, they "should find from a fair preponderance of the evidence that the * * * insured had been intoxicated at some time within five years immediately prior to the 22d of April, 1913." The court gave instruction No. 1, requested by plaintiff in error, in which the jury were told, inter alia, that if the insured "had been intoxicated within the five years preceding the date of the application, to wit, April 22, 1913, you will return a verdict for defendant," and also gave instruction No. 3, requested by plaintiff in error, as follows:

"If you find from the evidence that the said Sam W. Johnson was intoxicated within five years next preceding the date of his application, contrary to representations made by him in his application, you will return a verdict for defendant."

The trial court did not err in refusing to instruct at the request of plaintiff in error as follows:

"If you find that he drank wine, spirits, or malt liquors other than whisky in excess of the amount stated by him in his said representations and his application, and within the five years next preceding date of his application, you will return a verdict for the defendant."

The only question in the application, which required the insured to state the amount of liquors used by him was 13 (b), and referred to the period of one year preceding the date of the application. The truthfulness of the statement made in answer to that question was submitted to the jury by instruction No. 2, requested by plaintiff in error, above quoted. The only reference in the application to the five-year period was in question 13 (d), and was whether the insured had been intoxicated within that time. The correctness of the answer to this question was fully submitted in the instructions before referred to.

The instructions fully and clearly submitted to the jury the defenses of the plaintiff in error. We think, upon the whole, the instructions were more favorable to plaintiff in error than it was entitled to.

Other assignments of error are that the court gave an incorrect definition of "intoxicated," and refused an instruction correctly defining the term. The instruction given is as follows:

"When it is apparent that a person is under the influence of liquor, or when his manner is unusual or abnormal, and his inebriated condition is reflected in his walk or conversation, when his ordinary judgment and common sense are disturbed, or his usual will power is temporarily suspended, when these or similar symptoms result from the use of liquors and are manifest, then the person is 'intoxicated.'"

The instruction requested and refused is as follows:

"You are instructed when a man is under the influence of liquor, or intoxicating beverage, so as not to be entirely himself, he is intoxicated, although he can walk straight, attend to his business, and may not give any outward and visible signs to the casual observer that he is drunk; yet, if he is under the influence of liquor so as not to be himself, so as to be excited from it and not to possess that clearness of intellect and control of himself that he otherwise would have, he is intoxicated."

The word "intoxicated" is one of ordinary signification and popular usage, and as used in the application is to be understood in that sense, rather than according to its strict legal meaning. Section 954, Rev. Laws 1910. It is very difficult to give an accur-

ate definition for practical purposes of many words in common use and ordinarily understood. From the variety, if not the contrariety, of judicial definitions of "intoxicated," it appears to be of that class. We doubt if instructions attempting to define such words are of much aid to the jury, if indeed they do not rather tend to confuse. It would have been sufficient, and we think preferable, in this case, if the court had simply instructed the jury that the word "intoxicated," as used in the application, should be understood in its ordinary and popular sense, and left it to them to determine from the evidence whether the insured had been "intoxicated," as so understood, within the five years previous to the application. But the court, having given a definition, to which exception was taken, it is necessary to determine whether the plaintiff in error was prejudiced thereby. The instruction is substantially that approved in Lafler v. Fisher, 121 Mich. 60, 79 N. W. 934. The criticism made of it in the briefs is that when one's condition is "apparent" or "manifest," or it is "reflected in his walk or conversation," or "his manner is unusual or abnormal," as a result of drinking liquor, he is "drunk." Counsel say there is a distinction between being intoxicated and being drunk. They say one may be "intoxicated," although, as stated in an instruction requested by them, he "can walk straight," and "may not give any outward and visible signs to the casual observer" of his condition. We think that the words "intoxicated" and "drunk" are commonly regarded as synonymous. Ring v. Ring, 112 Ga. 854, 38 S. E. 330. Indeed many lexicographers so treat them. See Webster's, Century, Standard, and Encyclopedic Dictionaries. In Bouvier's Law Dictionary, under the head of "Intoxication," reference is simply made to "drunkenness," which is therein defined as follows:

"In Medical Jurisprudence. The condition of a man whose mind is affected by the immediate use of intoxicating drink."

Under the same head it is said:

"The condition presents various degrees of intensity, ranging from a simple exhilaration to a state of utter unconsciousness and insensibility. In the popular phrase, the term 'drunkenness' is applied only to those degrees of it in which the mind is manifestly disturbed in its operations."

In Roden v. State, 136 Ala. 89, 34 South. 351, it was held that a person cannot be said to be intoxicated or drunk when his potations do not affect—disturb or interfere with—his mental or physical faculties. In St. L., I. M. & S. R. Co. v. Waters, 105 Ark. 619, 152 S. W. 137, it was said:

"A man may be said to be drunk whenever he is under the influence of intoxicating liquors to the extent that they affect his acts or conduct, so that persons coming in contact with him could readily see and know that the intoxicating liquors were affecting him in that respect."

In Gall v. Sovereign Camp, W. O. W., 166 Mich. 690, 132 N. W. 468, an action on a life insurance policy, where it was claimed, as here, that the insured falsely answered a question in his application as to whether he had been intoxicated, it was held that an instruction that intoxication was "a condition of a man whose physical and mental powers are affected by the use of intoxicating liquors" was too favorable to the insurer. In that case, it was also said:

"The question, 'Were you ever intoxicated?' * * * ought not to be treated as asking whether at any time the applicant had taken liquor with any perceptible effect upon either his mental or physical powers."

In Columbia Life Ins. Co. v. Tousey, 152 Ky. 447, 153 S. W. 767, it was held that an answer to a question similar to the one in this case had not been proven to be false, inasmuch as the applicant was, at no time, shown "to have ben unable to care for himself or to go about his business." These authorities, and many others not necessary to refer to, substantially support the instruction given, and not that refused. It may be true that one may be intoxicated without his condition being revealed in his walk or other outward and visible signs to the casual observer. But there was no proof to that effect in this case. The only evidence tending to prove that the insured had been intoxicated was his appearance, actions, manner, walk, conversation, and other outward and visible signs observed and described by the witnesses, and who formed their opinions therefrom as to whether he was under the influence of liquor to the extent that he was intoxicated or drunk. Upon this character of evidence, the instruction given was appropriate. There was no evidence tending to prove that the insured was within the five-year period affected, either mentally or physically, by the recent use of intoxicating liquors to the extent that he was intoxicated or drunk, notwithstanding there were none of the usual symptoms ordinarily observed and manifesting that condition, and it was not error in this case to refuse the instruction requested. We do not wish to be understood as holding that the definition given is entirely accurate, or that it is a proper one to give in every case where a definition is attempted, but only that error, if any there be therein, does not

appear to us to have affected the substantial rights of the plaintiff in error in this instance.

Complaint is made that the court erred in excluding evidence offered by the defendant. The rejected evidence was the testimony of several witnesses which tended to prove that the insured came to his death while intoxicated and by reason thereof. Under the terms of the policy, liability would attach for any cause of death except suicide. Suicide was not pleaded, and it was not even claimed that the testimony offered and rejected tended to establish that fact. We do not perceive any possible theory upon which this evidence was competent, unless, as claimed by the defendant, it tended to establish the materiality of the representations made by the insured as to his habits in the use of intoxicating liquors. But even if it was competent for that purpose, the error in rejecting it was harmless for the reason that the court peremptorily instructed the jury that the representations made were material to the risk. We do not believe that the testimony was competent on the issue as to whether the insured had been intoxicated at some time within the five years previous to the date of his application. In State v. Huxford, 47 Iowa, 16, the issue was whether the defendant was intoxicated at a certain time. The trial court allowed evidence on the part of the state to be given as to the conduct of defendant at other times. The Supreme Court said:

"Such evidence would be clearly inadmissible for the purpose of showing that the defendant was intemperate, and that therefore it was not improbable that he was intoxicated at the time alleged."

It is finally contended that the verdict is contrary to the evidence, in that the evidence conclusively established that the insured drank beer, and that he had been intoxicated. The presumption is that the representations made were true, and the burden was on plaintiff in error to prove them false. Continental Casualty Co. v. Owen, 38 Okla. 107, 131 Pac. 1084; Owen v. United States Surety Co., 38 Okla. 123, 131 Pac. 1091; National Union v. Kelley, 42 Okla. 98, 140 Pac. 1157. The issue was one of fact for the jury. Continental Casualty Co. v. Owen, supra; Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 Pac. 181. The rule is well established that this court will not disturb the verdict of a jury in an action of this character on a question of fact if there is evidence reasonably tending to support it. The uncontradicted evidence is that the insured drank beer within the period of five years previous to his application. There was no direct or positive evidence that he did so within the period of one year prior thereto. While it might be inferred that he did so, yet we cannot say that the failure of the jury to draw this inference was unreasonable. On the issue of intoxication there is evidence that the insured was at times within the period of five years to some extent under the influence of liquor, but of the many witnesses examined none would say that he was intoxicated or drunk, nor can we say that the description given by the witnesses of his appearance, action, manner, and conduct on occasions when it was known that he had drunk liquor was such that no other inference could reasonably be drawn than that he was "intoxicated" as that term is ordinarily understood and popularly applied. We would not be justified in disturbing the verdict on the evidence.

The judgment is accordingly affirmed.

All the Justices concur, except TURNER, J., absent.