**MRS. ELIZABETH CULLINANE and FLORIDA INDUSTRIAL COMMISSION v. CROWN CAN COMPANY, EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD.**

24 So. (2nd) 5            June Term 1945
December 7, 1945            Division B

*Morrice S. Uman* and *Raymond E. Barnes,* for appellants.

*Fowler & White,* for appellees.

THOMAS, J.:

John Cullinane, an employee of Crown Can Company, suffered injuries 13 January 1944 which resulted in his death the same day. Within thirty days, that is, 10 February, an attorney of Brooklyn New York, representing the widow,

sent to Florida Industrial Commission at Tallahassee an instrument signed by her and titled:

"Form For
ELECTION OF EMPLOYEE WHERE A
THIRD PARTY IS INVOLVED
Florida Industrial Commission, Tallahassee
Boyce A. Williams, Chairman"

We have taken pains to quote the caption and shall give the contents in considerable detail because of the provisions of Section 440.39, Florida Statutes, 1941, and F.S.A. (Sec. 39, Workmen's Compensation Act) Pertinent parts of the first paragraph of this statute are: "If on account of . . . death . . . the person entitled to . . . compensation determines that some person other than the employer is liable in damages, he may *elect* by giving notice to the employer and the commission *in such manner as the commission may provide,* to receive . . . compensation *or* to recover damages against such third person. This notice must be given *within* thirty days from the date of the accident." (Italics supplied.)

This paper was obviously a form prescribed by the commission, the "manner" provided for expressing a choice between compensation from the employer and action against a third party considered liable in damages. It bears an address to the employer and Florida Industrial Commission as the law requires, and beneath this are two subtitles, one on the left-hand side reading, "Election to Proceed Against Third Party," one on the right reading, "Election to Accept Compensation." A line separates the two. The latter was left blank by the claimant; the former was signed by her and and witnessed by her attorney. She thereby became committed to this statement: "I hereby elect to recover damages against The Standard Oil Co., or party responsible who is the third party involved in an accident on 13 day of January, 1944, resulting in the death of John J. Cullinane." She understood, so the statement continued, that the employer was relieved from all liability and she agreed to pay all hospital and medical expenses from any money recovered and to reimburse the employer for any expenses paid by it. The statement con-

cluded: "This is intended to fully comply with Sec. 39 of the Act."

We discussed rather fully in Lovejoy Company v. Ackis, 153 Fla. 876, 16 So. (2nd) 297, the effect of the election of the claimant to sue a third party. As pointed out there, compensation is awardable irrespective of the liability of a third person, and it is the prerogative of the claimant to decide to pursue a remedy against another for damages. Had she herself not determined that someone was responsible for her husband's death, she would have had ample time to present a claim for compensation. Section 440.19, Florida Statutes, 1941, and F.S.A. The common law right to an action is unaffected by the act and, to quote from that decision, "The manner of proceeding if there is an election to pursue the remedy at law is not defined in the statute, but it is a fair inference that in such case the claimant thereby seeks damages from the wrongdoer independently of any benefit under Workmen's Compensation Law."

We have no doubt, after a study of the record, that the appellant Elizabeth Cullinane determined to sue a third party and seek redress in lieu of accepting compensation. She made the decision in the form prescribed by the commission. She understood that this would absolve the employer from liability and she agreed to repay, from any sum she recovered, any outlay by the employer for medical expenses. She undertook to seek her compensation elsewhere, which she had a perfect right to do.

Although the very paper she used contained a form for execution if she preferred compensation and wished the employer meanwhile to proceed as assignee of the right of action, her attorney said in his letter transmitting the instrument to the employer and the commission that in "electing to sue a third party" she was reserving her rights to compensation under the law. We consider this position inconsistent. She had full power to determine which course she would adopt, but she could not be said to exercise a choice by relieving the employer from liability under one alternative, the while reserving a claim against it under another.

Affirmed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.