**GARRETT et al. v. TEXAS EMPLOYERS INS. ASS'N.**

No. 12025.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 28, 1949.

Rehearing Denied Feb. 1, 1950.

Guittard & Henderson, Victoria, for appellants.

Kemp, Lewright, Dyer & Sorrell, Corpus Christi, for appellee.

NORVELL, Justice.

Appellants' statement of the nature and result of the case is as follows:

"This is a workmen's compensation case, the facts being undisputed and mostly stipulated as follows:

"On August 21, 1943, Johnnie Garrett received an accidental injury to his head while working in Victoria County, Texas, within the scope of his employment with

Rowan & Hope, Inc., whose workmen's compensation insurance carrier at the time was appellee. His average weekly wage was stipulated to be $45.00 which will produce the maximum payments contended for by appellants in this case. Garrett never worked again for Rowan & Hope, Inc., and on October 6, 1947, he died as the result of his previous injury, leaving appellants as his sole beneficiaries under the Workmen's Compensation Act. On the date of Garrett's death appellee was likewise the workmen's compensation insurer of Rowan & Hope, Inc. Between the date of his injury and his death appellee paid Garrett $2,860.00 in weekly payments, and on October 3, 1946, made a final settlement by paying him an additional sum of $4,000.00, making a total of $6,860.00. Appellents recognize that such sum must be deducted from the maximum benefits to which appellants as Garrett's beneficiaries are entitled to receive under the Workmen's Compensation Act. Appellants' claim was duly presented to the Industrial Accident Board which made its ruling from which they appealed by this suit in the court below. The Industrial Accident Board and the court below trying the case without a jury ruled that the appellants recovery was governed by the maximum weekly rate of $20.00 as provided by the Workmen's Compensation Act in effect when Garrett was injured, rather than a maximum weekly rate of $25.00 provided for by the 1947 amendment to such act which was in effect on the date Garrett died. The result was a judgment for appellants for the sum of $340.00 which is the difference between 360 weeks at $20.00 a week and the $6,860.00 already paid to Garrett."

The above statement is accepted by appellee as correct with an addendum that the Workmen's Compensation Insurance policy issued by appellee to Rowan and Hope, Inc., and in force when Johnnie Garrett was injured, expired on January 1, 1944. As above pointed out, Garrett was injured upon August 21, 1943, and thereupon ceased to be an employee, in that he performed no further services on behalf of the company.

Appellants present one point of error, which reads as follows, to-wit: "The trial court erred in its conclusion of law that the applicable compensation rate to be applied in this case is $20.00, the rate provided for by the Workmen's Compensation Act on the date of the injury to Garrett, rather than the rate of $25.00, the rate provided by such act as amended on the date of the death of Johnnie Garrett on October 6, 1947."

In reply to this point, appellee contends that, "All rights available to appellants under the compensation statute must be determined by the appellee's contract in force at the time of the employee's injury." (Appellee's counter point No. One.)

Appellants' argument seemingly regards the obligation of the workmen's compensation policy as being one binding the insurance carrier to pay such amounts as may be provided for by statute, subject only to the proviso that the statutory rate of compensation sought to be applied shall have been established prior to the time the cause of action arose.

A claim for death benefits following a compensable injury is a separate claim from that based upon the injury itself. The cause of action based upon death arises when the death occurs as a result of the injury. Article 8306, §§ 8, 8a and 8b, Vernon's Ann.Civ.Stats.; Texas Employers' Ins. Ass'n v. Phillips, 130 Tex. 182, 107 S.W.2d 991; Traders & General Ins. Co. v. Baldwin, 125 Tex. 577, 84 S.W. 2d 439; Federal Surety Co. v. Pitts, 119 Tex. 330, 29 S.W.2d 1046; Maryland Casualty Co. v. Stevens, Tex.Civ.App., 55 S.W. 2d 149, wr. ref.

However, it does not follow that the appellants as beneficiaries under article 8306, §§ 8, 8a and 8b, are entitled to recover at the maximum rate of $25.00 per week under the 1947 amendment of Article 8306, § 8, Acts 1947, 50th Leg., p. 521, Ch. 307, § 1, which was in force at the time of the death of Johnnie Garrett on October 6, 1947, when the cause of action arose.

In Texas a workmen's compensation claim is based upon contract. South-

ern Casualty Co. v. Morgan, Tex.Com.App., 12 S.W.2d 200; Federal Underwriters Exchange v. Crow, Tex.Civ.App., 118 S.W. 2d 1073. It is not unlawful for an employer to operate without carrying workmen's compensation insurance If he does so he is deprived of certain common law defenses. Article 8306, §§ 1 and 2. An employee may preserve "his right of action at common law or under any statute of this State to recover damages for injuries sustained in the course of his employment" by fixing the notice prescribed in Article 8306, § 3a. Here the employer, Rowan and Hope, Inc., procured insurance coverage from the appellee, Texas Employers Insurance Association, which was evidenced by a policy or contract. Johnnie Garrett, the employee, consented to this contractual arrangement and accepted the protection thereof in lieu of his common law rights, etc. The arrangement or agreement thereupon became tripartite; the terms thereof being evidenced by a policy of insurance issued for one year, upon the form and in accordance with the regulations promulgated by the Board of Insurance Commissioners. Although the cause of action here sued upon did not arise until the death of Johnnie Garrett, it is, nevertheless, based upon the contract which was entered into in 1943, while Garrett was an employee of Rowan and Hope, Inc. This contract or policy covered the year from January 1, 1943 to January 1, 1944. The statutory provisions in existence while this policy was in force constituted a part of the contract, but the statutory provisions adopted after the expiration of the policy can not properly be considered a part thereof. The case of Aetna Life Ins. Co. v. Graham, Tex.Civ. App., 279 S.W. 923, 924, seems squarely in point upon the question, and although the judgment of the Court of Civil Appeals was reversed by the Supreme Court upon another point, in accordance with the recommendation of the Commission of Appeals, 284 S.W. 931, 932, we are not inclined to depart from the holding of the Graham case.

■■ We doubt if there is a constitutional question involved here, for the reason that no retrospective intention can properly be attributed to the Legislature in adopting the 1947 amendment to Article 8306, § 8. We do not believe the Legislature intended that the 1947 rates should apply to policies which had expired prior to the effective date of the amendment. In State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W.2d 707, 708, the Supreme Court said, "It is the law of this State, and the law generally, that, in the absence of any special indication or reason, a statute will not be applied retrospectively, * * * unless it appears by fair implication from the language used that it was the intention of the Legislature to make it applicable to both past and future transactions. (Citing authorities.) When we apply this rule to this statute, we find no words contained therein which indicate a legislative intent to apply its provisions to past transactions." Cf. Beausoleil's Case, 321 Mass. 344, 73 N.E.2d 461; Annotations, 82 A.L.R. 1244.

Appellants' point is overruled and the judgment of the trial court affirmed.

BROETER, J., not participating.