### PARKS v. COLUMBIA BAKING CO., et al.

Circuit Court, Hillsborough County, Civil Appeal.

May 3, 1951.

———•———

Morrice S. Uman and E. O. Palermo, both of Tampa, for appellant.

Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.

HENRY C. TILLMAN, Circuit Judge.

This is an appeal from an order of the industrial commission entered on February 23, 1951. A brief statement of the facts

follows. The husband of the appellant, Asbury H. Parks, received an injury in December, 1949. He was injured in an automobile accident, the other party to the accident being Walter Tucker, Jr., who was the owner of the vehicle which struck Parks. In February, 1950 Parks executed a release and settlement of claim which is set out in full on pages 1 and 2 of the transcript. Parks died in April, 1950. The widow, the appellant here, applied to the industrial commission asking that the release be set aside and held of no force and effect so far as she is concerned, and that she be permitted to claim for the death of Parks as the widow, under the workmen's compensation act.

The matter was heard before Honorable Fred W. Brown, deputy commissioner, and on December 21, 1950 he entered his order denying her what she had prayed for and his full order is set out on pages 2, 3 and 4 of the transcript. The cause came up for review before the full commission at its regular meeting on February 12 and on February 23, 1951 it entered its order adopting as its finding the findings set forth by the deputy commissioner and affirmed the order of the deputy commissioner. The industrial commission split on the matter, Messrs. Barnes and Pace voting for affirmance, Hon. Jas. A. Harper dissenting. The assignments of error are set forth on pages 5 and 6 of the transcript and briefly allege error first, because the commissioner as a matter of law held that the release given by the appellant's husband on February 16, 1950 operated as a bar to her right to dependency benefits under the workmen's compensation law; and second, that the commission heard and failed to hold that the widow has a separate and independent right to dependency benefits under the workmen's compensation act, which arose upon the death of her husband and which her deceased husband was powerless to release and discharge during his lifetime.

The decision of the commission, as well as the decision of the deputy commissioner, is based on section 440.39 F.S.A., 1941, as amended 1947, which reads as follows:

"(1) If an employee, subject to the provisions of this Act, is injured or killed by the negligence or wrong of a person other than the employer, such injured employee, or in the case of his death, his dependents, shall elect whether to accept compensation under this Act or to pursue his or their remedy against such third person.

"(2) Settlement of a claim, commencement of or settlement of an action against said third person shall constitute an election

by the employee or his dependents to pursue his or their remedy against such third person. In the event such an election is made, the employee or his dependents shall not be entitled to any compensation under this Act."

Under this section, and particularly sub-paragraph (2), the deputy commissioner, later sustained by the full commission, held that the right of the widow was extinguished by the act of the employee in executing a release.

The right of the employee to compensation under the workmen's compensation law arises under section 440.14 and 440.15 F.S.A., 1941.

The right of the widow arises under section 440.16. This section reads:

"If death results from the accident within one year thereafter or follows continuous disability and results from the accident within five years thereafter, the employer shall pay:

(1) Reasonable funeral expenses not to exceed one hundred fifty dollars.

(2) Compensation, in addition to the above, in the following percentages of the average weekly wages to the following persons entitled thereto on account of dependency upon the deceased and in the following order of preference, but such compensation shall be subject to the limits provided in subsection (2) of section 440.12 and subsection (13) of section 440.20 and shall not exceed a period of three hundred fifty weeks; and may be less than, but shall not exceed, for all dependents or persons entitled to compensation, sixty per cent of the average wage—

(a) To the widow if there is no child, thirty-five per cent of the average weekly wage, said compensation to cease upon her death or remarriage."

In 58 American Jurisprudence, in the article on workmen's compensation, section 190, page 702, it is held:

"Since the rights of dependents or other persons to compensation on account of the death of the workman are distinct from and independent of the right of the workman himself to compensation on account of the injury, the rights of death beneficiaries are not ordinarily subject to restriction or extinguishment by any act of the employee during his lifetime. In the absence of any statutory provisions to the contrary, the rights of death beneficiaries are not, as a general rule, affected by payments to the deceased employee during his lifetime on account of the fatal injury or by a release or waiver by such employee of rights in respect to compensation for such injury. Interna-

tional Mercantile Marine Company v. Lowe, 93 Fed. 2d 663, 115 A.L.R. 896, and note. See also the annotations under 101 A.L.R., page 1405."

In Schneider on Workmen's Compensation, section 379, the following is cited to be the law:

"A dependent's claim to compensation arises upon the death of a workman and is independent of the claim to compensation by the workman . . . nor does a release by the workman bar dependent's right to compensation." In re Cripp (Mass.), 104 N. E. 565.

The holding of the courts generally is to the effect that a right given by these workmen's compensation laws to the widow is entirely separate and distinct from the right given to the workman who is injured. See Solomone v. Degnon Contracting Co., 184 N.Y.S. 735, 142 A.L.R. 185; Garrett v. Texas Employers Ins. Ass'n. (Texas), 226 S.W. 2d 663; Eckart v. New Jersey State Highway Dept. (N.J.), 64 Atl. 2d 221; Lewis v. Connelly (Minn.), 264 N.W. 581; Snow v. United States Railroad Administration, 204 N.Y.S. 514; Donoho v. Atlantic Basin Iron Works, 206 N.Y.S. 494.

I have been unable to find any Florida decision involving the workmen's compensation act which was at all helpful in solving this problem. It would seem that our statute, in line with the authorities above quoted, gives the dependents of a deceased person the right to determine for themselves whether they shall take compensation or elect to proceed against the third party. The general law is that a dependent's claim is independent of the claim for compensation by the workman. There is nothing in the Florida law which changes that, and it would seem that the wording of the statute itself substantiates it. It should be noted that the statute says: "If an employee . . . *or* in the case of his death, his dependents shall elect . . . to pursue . . . their remedy." It seems clear that the statute provides and intends that an employee shall make an election for himself and that the dependents shall make an election for themselves.

It would seem that the only person who can determine for the widow whether she should proceed against the third party or take compensation is the widow herself. It should be noted that the release, which is the subject of the trouble here, says: "I do hereby release and discharge said Walter Tucker, et cetera, and do hereby for myself, my heirs, executors and ad-

ministrators covenant with the said Walter Tucker to indemnify and save harmless the said Walter Tucker."

It should be noted that the release spoke for "myself, my heirs, executors and administrators." The widow claimant under the compensation statute does not take as an heir, executor or administrator but in an entirely different capacity, so that this release did not purport to bind the widow, and certainly it does not affect the right of the employer to sue Walter Tucker, Jr. in subrogation under section 440.39, if the employer should pay compensation.

In the case of Cullinane v. Crown Can Company (Fla.), 24 So. 2d 5, the court, in discussing section 440.39, also uses the language: "It is the prerogative of the claimant to decide to pursue the remedy against another for damages." The court was speaking there of the widow, as in this case.

It would seem to me that the case, by analogy at least, is governed by the Florida decisions construing our law on actions for death by wrongful act. In the case of Epps v. Railway Express Agency, Inc. (Fla.), 40 So. 2d 131, our court held:

"The tortious infliction of fatal injuries violates the common-law right of injured person to be secure in his person and property and violates right of decedent's family to companionship, services, or support of decedent, coupled with the expectancy of participation in the estate which decedent might have accumulated." (F.S.A. 45.11, 768.01, 768.02)

"Where decedent suffered fatal injuries as the result of a tortious act committed upon him, his widow or other statutory beneficiary has a right of action to recover damages suffered by widow or such beneficiary as result of death of decedent without regard to whether decedent in his lifetime or his personal representative thereafter ever instituted suit on original cause of action for his injuries." (F.S.A. 768.01, 768.02)

Judge Sebring in his very able opinion in this case said:

"We find no real conflict in the cited cases for each has its clear field of operation. The effect of the ruling in Ake v. Birnbaum is to recognize that where a person dies as the result of the negligent act of another, two separate, distinct and independent rights have been violated. One is the common law right of the injured person to be secure in his person and property —a right which has been invaded by compelling such person to endure pain and suffering and to submit to loss of earnings and other pecuniary losses. The other is the right which the family of the deceased had to the companionship, services and support of the decedent, coupled with the expectancy of a par-

ticipation in the estate which the decedent might have accumulated had his life not been brought to an untimely end by the infliction of the injury."

The court cites the case of Ake, et ux, v. Birnbaum (Fla.), 25 So. 2d, 213, which case held:

"When physical injury by tortious act ultimately causes death, two separate rights have been violated, one the common law right of injured person to be secure in his person and property, and the other, the right of decedent's family to the companionship, services, or support of decedent, coupled with the expectancy of participation in the estate which decedent might have accumulated." (F.S.A. 768.01, 768.02, 45.11)

"The death statute was not intended to afford remedy for damages suffered by injured person by reason of the injury inflicted upon him, nor to preserve the right of action which deceased might have maintained had he simply been injured and lived, but to create in expressly enumerated beneficiaries an entirely new cause of action for damages suffered by them as consequence of wrongful invasion of their legal rights." (F.S.A. 768.01, 768.02).

On rehearing in this case, the court speaking through Justice Sebring, and in which Justices Chapman, Terrell, Buford and Adams concurred, had the following to say:

"When physical injury has been done a person by the tortious acts of another person and the injury ultimately causes death two rights have been violated. One is the common law right of the injured person to be secure in his person and his property —a right which has been invaded by compelling such person to endure pain and suffering and to submit to loss of earnings and other pecuniary losses. The other right violated is the right which the family of the deceased had to the companionship, services or support of the decedent, coupled with the expectancy of a participation in the estate which such person might have accumulated had his life not been brought to an untimely end by the infliction of the injury. Two separate and distinct rights or interests have thus been infringed upon by the act of the tortfeasor, resulting in damage to such separate rights and interests. The common law afforded no redress for the infringement of either right in case the injury brought about the death of the injured person; for it was the rule of the common law that the tort died with the person. However, under statutes now enacted in virtually every jurisdiction redress is given for the invasion of both interests. In some of the states full redress for all wrongs suffered by all persons, or classes of persons, as a result of wrongful invasion of legal rights may be had under the wrongful death statute. In other states, in order to obtain full redress to all injured parties, recourse must be had both to the survival of action statute and the death by wrongful act statute of the particular jurisdiction."

Counsel for the appellee, in his argument before me, contended that when Parks executed the release he thereby took away from the employer any right of subrogation which might have existed. That may or may not be true, but even if true, I do not see how any act of Parks, before his death, could operate to extinguish the rights of his widow after his death and it is perfectly clear to me that if the employer is compelled under the law to pay benefits to the widow under section 440.16, certainly the widow has made no election to exhaust her remedy against the negligent third party, and I cannot see how the right of subrogation against the third party has been denied the employer.

Based upon the foregoing, it is my opinion that the widow's right to compensation as set forth in section 440.16 was in no way extinguished by the act of Parks in executing a release, and I think that the order of the commission should be reversed and sent back to the commission with instructions to enter an order carrying out the intent of this order. I do not believe that the legislature, in using the language which it did in section 440.39, intended by that enactment to deprive the widow of the rights which the workmen's compensation law gave to the widow in section 440.16, which has been set out in full above.

It is therefore ordered, adjudged and decreed that the order of the commission entered February 23, 1951 be and the same is hereby reversed with instructions to the commission to enter its order allowing the claim of the widow to compensation under the provisions of section 440.16.